UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., | CASE NO. C20-1662 RSM |
| Plaintiff, | ORDER GRANTING IN PART AMAZON'S MOTION FOR EXPEDITED DISCOVERY AND ALTERNATIVE SERVICE |
| v. | |
| KELLY FITZPATRICK et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter is before the Court on Amazon's Motion for Expedited Discovery and Alternative Service. Dkt. #11. No defendant has yet appeared. Having reviewed the motion and the remainder of the record, the Court grants the motion, in part.

## II.   BACKGROUND

Plaintiff Amazon.com, Inc., initiated this action to address "unlawful and expressly prohibited advertisement, promotion, and/or sale of counterfeit luxury products on Amazon.com," Plaintiff's internet marketplace. Dkt. #1 at ¶ 1. Plaintiff sued Ms. Kelly Fitzpatrick and Ms. Sabrina Kelly-Krejci, two "social media influencers" responsible for promoting counterfeit goods, and twelve individuals or entities with seller accounts on Plaintiff's website (the "Seller Defendants"). *Id.* at ¶¶ 10–23. Plaintiff maintains that it has been unable,

ORDER – 1

1   so far, to ascertain the true identities or locations of the Seller Defendants. Dkt. #11 at 3–7.

2   Accordingly, Plaintiff requests that the Court authorize expedited discovery from "banks, virtual

3   private server/internet service providers, and email providers" to aid in the identification of the

4   Seller Defendants and requests that the Court authorize service of the lawsuit on the email

5   addresses associated with the Seller Defendants' accounts. *Id.* at 2.

### III.   DISCUSSION

**A. Expedited Discovery**

Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d). However, Rule 26(d) also recognizes that expedited discovery may occur when authorized by court order. *Id.* In determining whether to authorize expedited discovery, this Court has looked to the "good cause" standard set forth in *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001). *See, e.g.*, *Renaud v. Gillick*, No. C06-1304RSL, 2007 WL 98465, at \*2–\*3 (W.D. Wash. Jan. 8, 2007) (measuring good cause by the diligence of the moving party, whether the motion sought to promote the efficient disposition of the matter, and the lack of prejudice to the nonmoving party). Most often, expedited discovery is sought "for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *ZG TOP Tech. Co. v. Doe*, No. C19-92-RAJ, 2019 WL 917418, at \*2 (W.D. Wash. Feb. 25, 2019); *see also Bodyguard Prods., Inc. v. Doe 1*, C17-1647RSM, 2018 WL 1470873, at \*1 (W.D. Wash. Mar. 26, 2018).

The Court begins by noting that the circumstances of this case are different than the "ordinary circumstances" giving rise to motions for expedited discovery—such as a motion seeking to identify an unknown internet user that unlawfully accessed a plaintiff's intellectual property. Here, Plaintiff has entered into a business relationship with the Seller Defendants

ORDER – 2

despite not knowing their identities. Now, having found that choice imprudent, Plaintiff seeks to better identify its contractual partners. As such, the Court struggles to conclude that Plaintiff has been fully diligent in seeking to learn the identity of the Seller Defendants. Plaintiff—perhaps by design—elected not to seek additional verification of the Seller Defendants' identities at the time it agreed to allow Seller Defendants to market goods on its website.

Despite this glaring omission, at least some of the Seller Defendants appear to have actively misled Plaintiff as to their identities and Plaintiff's allegations certainly detail bad actions possibly taken by the Seller Defendants. The Seller Defendants should not be afforded the benefit of anonymity in furtherance of their bad actions. The simple fact is that Plaintiff now lacks the information necessary for it to pursue its action against the Seller Defendants. This information may be available, however, from third parties through expedited discovery. In this situation, the Court finds good cause to permit expedited discovery into the identities of the Seller Defendants from the banks, virtual private server/internet service providers, and email providers identified by Plaintiff.

Plaintiff further seeks "leave to serve additional Rule 45 subpoenas on any other companies identified from any subpoena responses for the limited purpose of identifying and locating the Seller Defendants and other bad actors responsible for the illegal counterfeiting scheme alleged in the Complaint." Dkt. #11 at 11. The Court will not grant such broad relief at this time. If the information obtained by serving subpoenas on the banks, virtual private server/internet service providers, and email providers related to the Seller Defendants is inadequate, Plaintiff may seek further relief from the Court at that time.

**B. Alternative Service**

Plaintiff additionally requests that the Court permit service of the "Seller Defendants via the email addresses used to register their Selling Accounts." *Id.* at 9. The Court finds the request

ORDER – 3

to be premature.  Plaintiff presently seeks expedited discovery from third parties on the basis that it will aid the identification of the Seller Defendants and their physical addresses.  While Plaintiff suspects that many of the Seller Defendants are located in China, expedited discovery may shed further light on the location of the Seller Defendants.  Service by email may ultimately be the most reasonable option, but that question should await the results of Plaintiff's expedited discovery.  The Court denies Plaintiff's request without prejudice.

## IV.    CONCLUSION

Accordingly, and having reviewed Plaintiff's motion and the remainder of the record, the Court finds and ORDERS that Amazon's Motion for Expedited Discovery and Alternative Service (Dkt. #11) is GRANTED IN PART.

1. Plaintiff is granted leave to serve FED. R. CIV. P. 45 subpoenas on the third-party banks, virtual private server/internet service providers, and email providers (the "Service Providers") identified in its motion for expedited discovery (Dkt. #11).  The subpoenas are limited to the identities, contact information, and locations of the associated Seller Defendants.

2. The Service Providers shall, within 7 days after receipt of the subpoena, give written notice (including email notice) and a copy of the subpoena to any affected person or entity.

3. Any objection made by a Service Provider or an affected person or entity must be made within 30 days after receipt of the subpoena.

4. If any objection is made, Amazon shall notify the Service Provider and the Service Provider shall preserve the material responsive to the subpoena at issue and shall not disclose the information sought therein until further order of the Court.

ORDER – 4

5. If no objection is served, the Service Provider shall comply with the subpoena within 10 days following the expiration of the 30-day objection period or as soon as possible thereafter.

6. Plaintiff's counsel shall provide a copy of this Order with each subpoena issued under this Order.

All other requested relief is DENIED without prejudice.

DATED this 21st day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5