UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KELLY FITZPATRICK et al.,<br><br>Defendants. | CASE NO. C20-1662 RSM<br><br>ORDER DENYING UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREES |

This matter is before the Court on Plaintiff's Unopposed Motion for Entry of Consent Decrees with Respect to Defendants Kelly Fitzpatrick and Sabrina Kelly-Krejci. Dkt. #20. The motion indicates that two defendants have executed confidential settlement agreements and requests that the Court enter consent decrees maintaining jurisdiction over the agreements. For the reasons below, the Court denies the motion.

Plaintiff Amazon.com Inc. ("Amazon") initiated this action to address "unlawful and expressly prohibited advertisement, promotion, and/or sale of counterfeit luxury products on Amazon.com," its internet marketplace. Dkt. #1 at ¶ 1. As defendants, Amazon named "social media influencers Ms. Kelly Fitzpatrick and Ms. Sabrina Kelly-Krejci (together the "Influencer Defendants") for their part in promoting the sale of the counterfeit goods and twelve individuals or entities with seller accounts on Amazon's marketplace (the "Seller Defendants"). *Id.* at ¶¶ 10–

ORDER – 1

23. Shortly after filing the action, Amazon effected service on the Influencer Defendants. Dkts. #9 and #10. Amazon was unable, however, to ascertain the true identities or locations of the Seller Defendants, and the Court accordingly granted Amazon's request for expedited discovery aimed at identifying and locating the Seller Defendants. Dkt. #14. Several months later, Amazon filed a status report indicating that it had reached settlements, in principle, with the Influencer Defendants. Dkt. #19 at 2. As to the Seller Defendants, Amazon's expedited discovery led it to believe "all or nearly all of the Seller Defendants" are in China and Amazon had not yet effected service. *Id.*

Amazon's present motion indicates that the Influencer Defendants have "resolved the claims" against them "through confidential settlements." Dkt. #20 at 2. As part of the confidential settlement agreements, the Influencer Defendants agreed to the entry of specific consent decrees that Amazon attaches to its motion. *Id.*; *see also* Dkts. #20-1 and #20-2. The consent decrees permanently enjoin and restrain the Influencer Defendants[1] "from directly or indirectly, or through any other party, marketing, advertising, linking to, promoting, or selling any products of any kind on any Amazon website in the future, without express written authorization from the Amazon Legal Department." Dkt. #20-1 at 2; Dkt. #20-2 at 2. The consent decrees further dismiss all claims with prejudice but indicate "that this Court shall retain exclusive personal and subject matter jurisdiction to enforce the terms of this Consent Decree and the Settlement Agreement entered into in connection herewith." *Id.*

The Court declines to enter the consent decrees for several reasons. As a starting place, Amazon does not establish what it gains from the Court's entry of the consent decrees. Presumably, the confidential settlements likewise include the Influencer Defendants' agreement

---

[1] And their "agents, representatives, successors, and assigns." Dkt. #20-1 at 2; Dkt. #20-2 at 2.

ORDER – 2

not to engage in, "directly or indirectly, or through any other party, marketing, advertising, linking to, promoting, or selling any products of any kind on any Amazon website in the future, without express written authorization from the Amazon Legal Department." This being the case, what is gained is the Court's retention of jurisdiction to enforce the terms of the confidential settlement agreements. But retention of jurisdiction over the case would appear to be imprudent for several reasons.

First, the Court will not assume that the Influencer Defendants are likely to breach their agreements and Amazon does not provide any basis for concluding that a breach is likely. The actions enjoined do not appear technical or complex and the question of whether the agreements have been breached appears clear.

Second, the Court has no specialized knowledge of this case. No substantive proceedings have taken place and the Court has only limited knowledge of the proceedings. As such, no judicial efficiency is gained by potential breaches of the agreements proceeding before this Court.

Third, and partially because the Court does not have substantive knowledge of this matter, retaining jurisdiction may improperly expand the Court's subject matter jurisdiction. Enforcement of the parties' confidential settlement agreements would generally be a contract action which may or may not fall within this Court's subject matter jurisdiction. While the parties are diverse, there is no assurance that the breach at issue will exceed the Court's jurisdictional threshold. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction premised on "the matter in controversy exceed[ing] the sum or value of $75,000").

Fourth, and to the extent Amazon prefers to litigate in its home forum, the Court presumes that the confidential settlement agreements contain a forum selection clause. While the parties may agree to forum, they may not expand the Court's subject matter jurisdiction.

ORDER – 3

Fifth, and perhaps most importantly, the Court has no knowledge what is contained in the confidential settlement agreements. While the Court can anticipate many of the provisions that competent counsel would include, Amazon has elected to keep the specific terms of the agreements hidden. Amazon may, of course, do so. But the Court is not inclined to take on the enforcement of terms that it has never seen.

For these reasons, the Court will not grant Amazon's motion.

Lastly, the Court notes that it likely could dismiss Amazon's claims as to the Influencer Defendants as Amazon indicates that those claims have been resolved and the parties have agreed to dismissal of the claims with prejudice. Although the Court would anticipate only a stipulated order of dismissal, the Court leaves open the possibility that the parties request different relief from the Court.

Accordingly, and having reviewed the motion, the consent decrees, and the remainder of the record, Plaintiff's Unopposed Motion for Entry of Consent Decrees with Respect to Defendants Kelly Fitzpatrick and Sabrina Kelly-Krejci (Dkt. #20) is DENIED without prejudice.

DATED this 29th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4